## MARY HENDRIX V. PEYTON HENDRIX, EX'OR, &C.

1. HOMESTEAD.—If, at the time of the husband's decease, there was a homestead, the widow cannot abandon it and select another out of the estate in lieu thereof.
2. APPROVED, Rogers *v.* Ragland, 42 Tex., 422.
3. ESTATES OF DECEDENTS—PRACTICE—JUDGMENTS.—No judgment can be rendered in favor of one claiming against an executor, after exceptions are sustained to his answer, on an assumed confession of the facts alleged in the petition. The facts on which a claim of right against the estate is based must be sustained by evidence.

APPEAL from Wood. Tried below before the Hon. Z. Norton.

Mary Hendrix brought suit in the District Court of Wood county against P. J. Hendrix, executor on the estate of her husband, Larkin Hendrix, deceased. She alleged the insolvency of the estate, and asked an allowance of two hundred dollars for her support for one year, for which she alleged that no provision had been made in the will; she further alleged that soon after her marriage with the deceased, he lived with her in his dwelling-house situate on a $332\frac{1}{2}$-acre tract, part of the Duncan headright, near the town of Quitman, and that she had never relinquished her homestead right to that place; that her husband had no household and kitchen furniture, and she claimed two hundred dollars in lieu of that; that she had neither horses, cows, nor hogs, and claimed the value of so much of each description of property as was exempt from forced sale. She alleged in an amended petition that her husband, during his last sickness, stayed at the Duncan headright place, and died there; that another place claimed by him, known as the Barnhill place, where he had lived previous to his last sickness, was in litigation; that he had never acquired a good title thereto, and she formally announced in her pleadings her election to take the Duncan place as her homestead. She prayed that in the event the court should decide that appellee and his sister were entitled as the children and heirs-at-law of Eliza Hendrix, deceased, (the former wife of her deceased husband, Larkin Hendrix,) to one half of the Duncan place, then that the other half of the tract be set aside to her as homestead, and one thousand dollars in money, to make up the deficiency in the number of acres allowed as a rural homestead under the law.

Appellant, P. J. Hendrix, in his answer, denied that the Duncan place was the homestead of his testator at his decease, but alleged the homestead was then on a tract known as the Barnhill survey. He set up title in himself and in his sister, by virtue of inheritance through their deceased mother,

(a former wife of the testator,) to one half of the Duncan tract of land, and to the other half by virtue of a gift from his father. Appellant alleged that the appellee was then living on the Barnhill place, as a homestead, and that he and his sister had agreed that appellant might occupy the Barnhill place homestead during her natural life; and that, in consideration thereof, appellee relinquished to them whatever claim she had in the Duncan place, and the articles and substituted allowance which she had asked to be set aside to her.

A general demurrer was sustained to the answer of appellee, to which an exception was taken and notice of appeal given.

There is no statement of facts, but an agreement, signed by counsel, to the effect that no evidence was introduced; but the court entered the order complained of, on sustaining exceptions to appellant's answer, opposing counsel being present in court and objecting thereto.

The judgment recites that the defendant, failing to answer after the demurrer to his original answer was sustained, "it was considered by the court that the facts set forth in plaintiff's petition and amended petition be taken as true." It set aside to the plaintiff below the amounts claimed by her in lieu of the property exempted by the statute and decreed to her a one half interest in the homestead tract claimed by her, and attempted to accomplish other things not necessary to mention.

The action of the court below in sustaining the demurrer and rendering the judgment was assigned for error.

*Jones & Henry,* for appellant.

GOULD, ASSOCIATE JUSTICE.—The later decisions of this court have held that if, at the time of the husband's decease, there was a homestead, the widow cannot abandon that homestead and select another out of the estate in lieu thereof. (Rogers *v.* Ragland, 42 Tex., 422.)

The action of the court below on the subject of the homestead was evidently based on the erroneous assumption that the widow had this right of selection, and not upon any investigation of the fact in regard to the existence or non-existence of a different homestead from that selected.

So, also, the other orders appealed from, making an allowance for a year's support and requiring the executor to deliver certain exempted articles, or, in lieu thereof, the specified value of each article, were evidently based on the erroneous assumption that the averments of the petition were to be taken as true, for want of an answer, and from the indefinite manner in which the orders are formed, it would seem that no inquiry was instituted to ascertain whether or not these exempted articles, were to be found in kind amongst the property left by the deceased. The order of the court that the averments of the petition and amended petition be taken as true for want of an answer, and its action in basing its orders on this assumed confession of the facts therein stated, are not in accordance with the practice prevailing in proceedings in matters pertaining to estates, and are not supported by anything in the statute then in force regulating such proceedings. This error infects all of the orders appealed from, and gives to most of them an indefinite and alternative form, which would scarcely have been adopted if they had been based, as they should have been, on the actual condition of applicant and of the property left by the deceased.

It is deemed proper to dispose of this case without intimating any opinion as to the power of the District Court, under the act of August 15, 1870, prescribing the mode of proceeding in matters of probate, to make an allowance in lieu of exempted articles not existing in kind. For aught that appears in the record, the various exempted articles may be proved to exist in kind amongst the property left by decedent, and it may be that this and other questions suggested in the brief of appellant's counsel, may not arise again.

For the errors which have been specified, the various orders appealed from are reversed and the cause remanded with directions to the court below, being the County Court, to hear and dispose of the petition anew.

REVERSED AND REMANDED.